1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                     CENTRAL DISTRICT OF CALIFORNIA
10                        SOUTHERN DIVISION
11
12  RICHARD MARENTES TORRES,          )   Case No. SACV 10-00277 ODW (AN)
                                      )
13              Petitioner,           )   **ORDER TO SHOW CAUSE RE**
                                      )   **DISMISSAL OF PETITION FOR**
14        v.                          )   **WRIT OF HABEAS CORPUS BY A**
                                      )   **PERSON IN STATE CUSTODY AS**
15  M. CATE, Director of the California )  **TIME-BARRED**
    Department of Corrections and     )
16  Rehabilitation (CDCR), et al.     )
                                      )
17  _____Respondents._____        )
18
19                        **I. BACKGROUND**

20        Before the Court is a Petition for Writ of Habeas Corpus ("Petition") brought by

21  Richard Marentes Torres ("Petitioner"), a state prisoner proceeding *pro se*.  The

22  Petition is brought pursuant to 28 U.S.C. § 2254 and raises four claims directed at

23  Petitioner's September 7, 1994 guilty plea in the California Superior Court for Orange

24  County to second degree murder and attempted murder committed through the personal

25  use of a firearm, as well as his related indeterminate sentence of 27-years-to- life in

26  state prison (case no. 93CF3269).  For the reasons set forth below, Petitioner is ordered

27  to show cause why his Petition should not be dismissed with prejudice because it is

28  time-barred.

## II.  DISCUSSION

### A.    Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."  C.D. Cal. R. 72-3.2.  Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the petitioner adequate notice and an opportunity to respond before doing so.  *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

### B.    Statute of Limitations

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court, because the Petition was filed after April 24, 1996, AEDPA's enactment date.  28 U.S.C. § 2244(d)(1); *see Lindh v. Murphy*, 521 U.S. 320, 327-37, 117 S. Ct. 2059 (1997).  In most cases, the limitations period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, where the conviction became final before AEDPA's enactment, a petitioner had until April 24, 1997, to file a federal habeas petition.  *See Lindh*, 521 U.S. at 322 (the AEDPA was signed into law on April 24, 1996); *see also Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (AEDPA's one-year grace

period for challenging convictions finalized before AEDPA's enactment ended on April 24, 1997).

The face of the Petition, attached exhibits, and relevant state court records[1] establish that Petitioner sustained his underlying conviction on September 7, 1994, and was sentenced on March 3, 1995. (Pet. at 2, 24.[2]) The Petition and relevant state court records also establish that the California Court of Appeal, Fourth Appellate District, Division Three, affirmed the judgment on direct appeal on December 18, 1995 (case no. G017512). (Pet. at 2-3; California appellate records.) Neither the Petition nor state court records establish that Petitioner filed a timely and progressive petition for review in the California Supreme Court or a petition for certiorari with the United States Supreme Court. (Pet. at 3; California appellate records.) Therefore, for purposes of AEDPA's limitations period, Petitioner's conviction became final on January 27, 1996, the fortieth day after the California Court of Appeal affirmed the judgment of conviction and sentence. *See* CAL. CT. R. 8.366(b)(1); 8.500(e)(1); *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008); *Smith*, 297 F.3d at 812-13. Because the conviction became final before AEDPA's April 24, 1996 enactment date, Petitioner had until April 24, 1997, to file a federal habeas petition. *Patterson*, 251 F.3d at 1246. Petitioner did not sign, date, and constructively file his pending Petition in this matter

---

[1]    The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]    The Petition, including the accompanying memorandum and attached exhibits, is 90 pages in length, but the pages are not consecutively numbered as required by Local Rule 11-3.3. For convenience and clarity, the Court shall cite to pages of the Petition by referring to the electronic pagination furnished by the Court's official CM-ECF electronic document filing system.

until February 18, 2010[3/] -- 4,683 days (nearly 13 years) after the expiration of the limitations period.

Accordingly, absent some basis for tolling or an alternative start date to AEDPA's limitations period under 28 U.S.C. § 2244(d)(1), the pending Petition is time-barred.

**C.    Statutory Tolling**

AEDPA includes a statutory tolling provision that suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Waldrip*, 548 F.3d at 734 (9th Cir. 2008); *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005). An application is "pending" until it has achieved final resolution through the state's post-conviction procedures. *Carey v. Saffold*, 536 U.S. 214, 220, 122 S. Ct. 2134 (2002). The limitations period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). On collateral review, however, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending'" thus tolling the limitations period. *Saffold*, 536 U.S. at 221, 223; *Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846 (2006) (*citing Saffold*).

Further, to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his *first* state habeas petition must be

---

[3/]    Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk. *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001). The pending Petition was filed by the Clerk on March 5, 2010. (Pet. at 1.) However, for purposes of the timeliness analysis, the Court gives Petitioner the benefit of all doubt by assuming he constructively filed the Petition on February 18, 2010, the date he ostensibly signed it. (Pet. at 9.)

constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

The face of the Petition, attached exhibits, and relevant state court records establish Petitioner filed two habeas petitions with the trial court (case nos. M11371, M12328),[4] two habeas petitions in the state court of appeal (case nos. G039251, G041911), and two habeas petitions in the California Supreme Court (case nos. S164386, S176074), all of which were denied.  (Pet. at 3-5, 20-26, 30-31, 33-34; California appellate records.).  However, the first of those petitions was not filed until June 12, 2007. (Pet. at 20-22.)  As a result, Petitioner is not entitled to statutory tolling for any of his state habeas petitions because they were all filed more than a decade after the limitations period expired on April 24, 1997.  *See Jiminez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259.

Petitioner also initiated a prior federal habeas action that was filed and transferred to this Court on May 12, 2008 (case no. SACV 08-00530 ODW (AN)), however, this 2008 petition was dismissed without prejudice because it plainly appeared that it was an unexhausted petition.  (Pet. at 35-36, 38-42.)  The prior federal habeas action has no bearing on the Court's timeliness analysis.  By the AEDPA's express terms, the limitations period is only tolled during the pendency of "a properly filed application for *State* post-conviction or other collateral review."  28 U.S.C. §

---

[4]   Petitioner also attempted to appeal the denial of his habeas petition in case no. M11371, and the state court of appeal dismissed the action (case no. G039064), and the Supreme Court denied review (case no. S157869).  (Pet. at 27-29, 32.)

Page 5

2244(d)(2) (emphasis added).  Section 2244(d)(2) does not toll the limitations period while a *federal* habeas petition is pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S. Ct. 2120 (2001).

Additionally, the current action cannot relate back to the prior federal habeas action (such that the current action would be considered filed as of the date the prior action was constructively filed) because that action was dismissed in its entirety as fully unexhausted and is no longer pending.  *See Rasberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006) ("a habeas petition filed after the district court dismisses a previous petition without prejudice for failure to exhaust state remedies cannot relate back to the original habeas petition").  Moreover, even if the current Petition *did* relate back to the prior action, that action was still filed approximately eleven years after the limitations period expired on April 24, 1997.

The face of the Petition, attached exhibits, and state court records establish that Petitioner is not entitled to any statutory tolling of the limitations period.

**D.    Alternative Start of the Statute of Limitations**

      **1.    State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).  Asserting that the statute of limitations was delayed by a state-created impediment requires establishing a due process violation.  *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002).  Thus, a claim under this provision "must satisfy a far higher bar than that for equitable tolling." *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009).  Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision. ///

      **2.    Newly Recognized Constitutional Right**

AEDPA provides that, if a claim is based upon a constitutional right that is

newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitations period begins to run on the date which the new right was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Petitioner's filings do not set forth any facts that show he is entitled to relief under this provision.

### 3.    Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). On page three of the Petition, in stating his reasons for failing to file a petition for review of his direct appeal, Petitioner alleges that he is "a layman at law who had no knowledge of" the constitutional provisions he alleges were violated, which he claims is "a factual predicate that could not have been previously discovered through the exercise of due diligence." (Pet. at 3.) However, for purposes of § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan*, 254 F.3d at 1154 n.3 (citation omitted). Here, Petitioner complains: (1) his guilty plea was obtained as a result of ineffective assistance of counsel, (2) the trial court improperly rejected certain terms of the plea agreement before imposing sentence, (3) the term imposed violates a provision of California's Welfare and Institutions Code, and (4) the trial judge's finding of an aggravating factor at sentencing violated his Sixth Amendment right to a jury. (Pet. at 5-6.) The factual predicate of those claims is the trial court's March 3, 1995 imposition of the 27-year-to-life sentence. Petitioner was either aware, or through the exercise of reasonable diligence should have been aware, of the factual predicate for his claims more than two years before the limitations period expired.

The face of the petition and attached exhibits do not establish that Petitioner is entitled to an alternate start date to the limitations period based upon the late discovery

of the factual predicate for his claims.

**E.    Equitable Tolling**

The United States Supreme Court has not yet decided whether AEDPA's limitations period allows for equitable tolling but it has assumed without deciding that it is available where the parties have agreed. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079 (2007) ("We have not yet decided whether § 2244(d) allows for equitable tolling."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

Although the Ninth Circuit has found that equitable tolling is available, *Harris v. Carter*, 515 F.3d 1051, 1054 n.4. (9th Cir. 2008), it has cautioned, "[e]quitable tolling is justified in few cases," and that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (same).  "This high bar is necessary to effectuate the 'AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006).  Further, "[e]quitable tolling determinations are 'highly fact-dependent.'"  *Id.*  The petitioner "bears the burden of showing that equitable tolling is appropriate." *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Moreover, in *Pace*, the Supreme Court clearly established that "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418; *Lawrence*, 549 U.S. at 336.  *Pace*'s diligence prong requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. *Mendoza*, 449 F.3d at 1070; *see also Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (stating that

equitable tolling requires a showing that "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll" and "extraordinary circumstances prevented him from filing his petition on time").  The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken."  *Spitsyn*, 345 F.3d at 802.  *Pace*'s "extraordinary circumstances" prong requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez*, 571 F.3d at 997 (internal quotations and citations omitted).  Petitioner's filings do not set forth any facts that show he is entitled to equitable tolling.

///
///
///
///
///
///
///
///
///
///
///
///
///

**O R D E R**

Based on the foregoing, the Court finds the Petition is untimely. Accordingly, Petitioner shall have until **April 7, 2010**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: March 17, 2010

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE